IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                                                     ORDER

               Plaintiff,

                                                    19-cv-860-bbc

    v.

ANTHONY BONFIGILIO AND TRACI NAVIS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Samterious Gordon is proceeding on claims that he was fired by defendants Anthony Bonfigilio and Traci Navis from his prison job because of his race and in retaliation for a grievance he filed. Now before the court are three motions filed by plaintiff.

First, plaintiff filed a motion to order prison staff to let him review discovery documents in his cell. Dkt. #18. The documents are prison employment records which include the names and wages of inmate employees. He says that defendants' counsel sent discovery responses to him, but that the responses are being held by the litigation coordinator at the prison. Plaintiff has to make appointments to view the documents, which has delayed his ability to obtain the evidence he needs. Defendants object to the motion, arguing that they cannot provide other inmates' records to plaintiff directly because of concerns about confidentiality, inmate conflict and security. At least one inmate has complained to prison staff already about plaintiff's having access to the inmate's personal information.

1

Defendants' response is reasonable. Defendants have shown that providing inmate records to plaintiff to keep in his cell can raise security concerns and cause conflicts among inmates. Plaintiff is able to keep his own records in his cell, and he can gain access to the other records that he needs. Although plaintiff complains that making appointments to view the records has delayed his ability to prepare his case, he does not provide any specifics about how much time he has been given to view the records or whether he has asked for additional time. Therefore, I will deny his motion. If plaintiff needs additional time to view the records to respond to a summary judgment motion in the future, he should notify the litigation coordinator and defendants' counsel.

Plaintiff's second motion is a renewed motion for assistance in recruiting counsel. Dkt. #23. As I explained when I denied plaintiff's first motion for counsel, the court recruits counsel only when it appears from the record that the factual and legal difficulty of the case exceeds the plaintiff's ability to litigate it. Dkt. #15 (citing Pruitt v. Mote, 503 F.3d 647, 653-54 (7th Cir. 2007)). Plaintiff says that he needs counsel because he has had difficulty obtaining the evidence that he needs to prove his claims. He points to his inability to keep inmate records in his cell, and he also says that defendants have hidden some evidence from him. However, I am not persuaded that plaintiff needs the assistance of counsel to litigate this case. Plaintiff has shown himself to be an intelligent advocate who can communicate clearly, and he has submitted multiple discovery requests to defendants. Although he is unsatisfied with his access to some of the evidence, he has obtained documents from counsel in response to his requests. As for his statement that defendants have hidden evidence from

2

him, plaintiff does not provide sufficient information to support his assertion. Further, if plaintiff thinks that defendants have failed to respond adequately to his discovery requests, he may file a motion to compel defendants to provide additional discovery. For all of these reasons, I will deny plaintiff's motion for assistance in recruiting counsel without prejudice.

Plaintiff's third motion is a motion for leave to amend his complaint to add a state law defamation claim against defendants. Dkt. #24. Defendants object to the motion, stating that plaintiff did not file a notion of claim under Wis. Stat. § 893.82. Dkt. #25. At this time, I will deny plaintiff's motion without prejudice. Defendants did not submit any evidence in support of their assertion that plaintiff failed to file a notice of claim. Plaintiff states in his motion that he filed a "notice of injury" regarding his defamation claim, but he has not stated whether his notice complied with the requirements of § 893.82. Because § 893.82 is a jurisdictional requirement, plaintiff must provide a statement, sworn under penalty of perjury, that he complied with all of the requirements of the statute, before I will consider permitting him to add a defamation claim.

ORDER

IT IS ORDERED that

1. Plaintiff Samterious Gordon's motion for an order permitting him to keep inmate records in his cell, dkt. #18, is DENIED.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #23, is DENIED without prejudice.

3. Plaintiff's motion for leave to amend his complaint, dkt. #24, is DENIED without prejudice. Plaintiff may have until November 23, 2020 to file an affidavit stating whether he complied with the requirements of Wis. Stat. § 893.82 with respect to his defamation claim.

Entered this 9th day of November, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge