IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMTERIOUS GORDON,

                                                  ORDER

                 Plaintiff,

                                               19-cv-860-bbc

     v.

ANTHONY BONFIGILIO AND TRACI NAVIS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Samterious Gordon is proceeding on claims that he was fired by defendants Anthony Bonfigilio and Traci Navis from his prison job because of his race and in retaliation for a grievance he filed. Now before the court is plaintiff's motion for leave to amend his complaint to add a state law defamation claim against defendants. Dkt. #27. He states that he has complied with the requirements of the notice of claim statute, Wis. Stat. § 893.82.

To state a defamation claim in Wisconsin, plaintiff must allege that there was (1) a false statement; (2) communicated by speech, conduct, or in writing to a person other than the one defamed; which (3) was "unprivileged and tends to harm one's reputation so as to lower one in the estimation of the community." Kennedy v. Children's Service Society of Wisconsin, 17 F.3d 980, 983 (7th Cir. 1994); Torgerson v. Journal Sentinel, Inc., 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997). Plaintiff alleges that defendants stated falsely in plaintiff's work evaluation that plaintiff was argumentative, and that they did so to justify terminating him from his prison job. However, plaintiff has not alleged that the work

1

evaluation was disseminated to others at the prison or that the allegedly false statements harmed his reputation in the prison or any other community. Instead, it seems that the work evaluation was an internal document and was not available to the public, or even the prison, at large. Accordingly, I conclude that plaintiff's allegations do not state a claim for defamation.

ORDER

IT IS ORDERED that plaintiff Samterious Gordon's motion for leave to amend his complaint to add a defamation claim, dkt. #27, is DENIED.

Entered this 6th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge